UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TINA C.,<br><br>                      Plaintiff,<br><br>        v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                      Defendant. | CASE NO. 3:23-cv-06001-GJL<br><br>ORDER ON PLAINTIFF'S COMPLAINT |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule (MJR) 13. *See also* Consent to Proceed Before a United States Magistrate Judge, Dkt. 3. This matter has been fully briefed. *See* Dkts. 13, 15.

After considering and reviewing the record, the Court concludes the Administrative Law Judge ("ALJ") did not err in finding Plaintiff not disabled. The Court accordingly **AFFIRMS** the Commissioner's final decision in this matter.

## I.       PROCEDURAL HISTORY

Plaintiff's application for Disability Insurance Benefits ("DIB") pursuant to 42 U.S.C. § 423 (Title II) of the Social Security Act and Supplemental Security Income ("SSI") benefits

ORDER ON PLAINTIFF'S COMPLAINT - 1

pursuant to 42 U.S.C. § 1382(a) (Title XVI) was denied initially and following reconsideration. *See* Administrative Record ("AR") 68, 100. Plaintiff's hearing was held before ALJ Malcolm Ross ("the ALJ") on February 21, 2023. AR 43–67. On April 27, 2023, the ALJ issued a written decision in which he concluded that Plaintiff was not disabled pursuant to the Social Security Act. AR 14–38. After the Appeals Council denied Plaintiff's request for review, Plaintiff appealed the ALJ's decision by filing a Complaint in this Court on November 8, 2023. Dkt. 5. Defendant filed the sealed administrative record regarding this matter on January 8, 2024. Dkt. 8.

## II.    BACKGROUND

Plaintiff was born in 1973 and was 46 years old on the alleged date of disability onset of April 26, 2019. AR 29, 71. Plaintiff has a high school education and last worked as a Medicare member services associate in 2019. AR 29, 363. According to the ALJ, Plaintiff suffers from, at a minimum, the severe impairments of diabetes mellitus; diabetic gastroparesis; and cervical degenerative disc disease status post-surgery. AR 20. However, the ALJ found Plaintiff was not disabled because she had the following RFC:

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), with the following additional limitations: occasional climbing of ramps and stairs; never climbing ladders, ropes, or scaffolds; occasional balancing, stooping, kneeling, crouching, and crawling; frequent bilateral reaching; frequent bilateral handling and fingering; and occasional exposure to extreme cold and vibrations.

AR 23–24.

## III.    DISCUSSION

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

ORDER ON PLAINTIFF'S COMPLAINT - 2

In Plaintiff's Opening Brief, Plaintiff raises the following issues: whether the ALJ (1) properly evaluated Plaintiff's testimony; (2) properly evaluated the medical evidence; and (3) failed to develop the record and obtain an opinion from an examining physician. Dkt. 13 at 1.

**A.      Plaintiff's Testimony**

Plaintiff argues that the ALJ erred by not giving "specific, clear and convincing" reasons for discounting Plaintiff's testimony regarding her mental impairments. Dkt. 13 at 16 (citing *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014)). This Court disagrees.

Plaintiff testified that she is persistently nauseated, "getting sick in the bathroom several times" each day and waking up due to nausea several times each night.  AR 50. Plaintiff testified that she left her last job after she lost 100 pounds due to gastroparesis. AR 49. Plaintiff testified that smoking marijuana contributes to her nausea, but that she had not smoked marijuana since 2020, other than "here and there once in a while." AR 55.

The ALJ rejected Plaintiff's testimony in part because of "numerous inconsistencies with regards to the claimant's marijuana use." AR 26. First, the ALJ cited numerous records documenting Plaintiff's marijuana use after 2020, directly contradicting her hearing testimony. AR 26; *see* AR 1395 ("marijuana use likely also contributing to nausea/vomiting"); AR 1518 (Plaintiff "advised that marijuana can make [vomiting] much worse [. . .] she was not willing to start discussion on quitting marijuana"); AR 2514 ("patient active problem list" includes marijuana).

Second, the ALJ cited records where Plaintiff inconsistently reported her marijuana use, despite providers' warnings that marijuana use contributed to her nausea. AR 26–27. *See* AR 1922, 1927 (urinalysis positive for marijuana, despite Plaintiff's denial of use); AR 1608 (Plaintiff indicated that she stopped using marijuana in April 2019); *see also* AR 1572, 1901

ORDER ON PLAINTIFF'S COMPLAINT - 3

(positive urinalysis in December 2019, after Plaintiff was told in October 2019 that she should avoid marijuana).

The ALJ reasonably found that Plaintiff's inconsistent reporting of marijuana use weakened the reliability of her testimony. *See Thomas v. Barnhart,* 278 F.3d 947, 959 (9th Cir. 2002) (upholding an adverse credibility finding where the ALJ found that the claimant had not been a reliable historian, "presenting conflicting information about her drug and alcohol usage'"); *Verduzco v. Apfel*, 188 F.3d, 1087, 1090 (9th Cir.1999) (relying on inconsistent statements about alcohol use to discount claimant's testimony). Lack of candor regarding substance abuse "carries over" to a claimant's description of their symptoms. *Thomas*, 278 F.3d at 959; *but see Kenneth C. v. Comm'r of Soc. Sec.*, No. C18-5773 RAJ, 2019 WL 4261156, at *2 (W.D. Wash. Sept. 9, 2019), *aff'd sub nom. Cornellier v. Saul*, 834 F. App'x 321 (9th Cir. 2020) ("*Thomas* does not stand for the proposition that one ambiguous instance of lack of candor about alcohol use is a clear and convincing reason to discount unrelated claimant testimony.").

As the Commissioner points out, Plaintiff's consistent marijuana use also shows that she failed to follow the treatment recommendations of her doctors, a fact the ALJ properly considered. Dkt. 15 at 15; *see* SSR 16-3p, 2017 WL 5180304, at *9 (ALJs may consider a claimant's attempts "to follow treatment once it is prescribed" and find testimony inconsistent with the record where a claimant "fails to follow prescribed treatment that might improve symptoms"); *Tracy M. v. Kijakazi*, No. 2:19-CV-00234-RHW, 2021 WL 3609447, at *8 (E.D. Wash. Aug. 13, 2021) (ALJ properly rejected testimony where claimant's providers "linked her drinking to her seizure activity" and "instructed her to stop drinking" but she failed to abstain). The ALJ reasonably discounted Plaintiff's testimony.

1   Accordingly, the ALJ's RFC adequately accounted for those symptoms supported by the
2   objective medical and other evidence while properly discounting the full extent of Plaintiff's
3   claimed nausea.

4   **B.     Assessment of Medical Opinions**

5   For applications filed on or after March 27, 2017, the Administration has directed ALJs
6   to not defer to medical opinions from treating or examining sources. *See* 20 C.F.R. § 416.927(c).
7   Instead, they must evaluate the persuasiveness of all medical opinions by analyzing their
8   "supportability" and "consistency," as well as other appropriate factors. 20 C.F.R. § 416.920c(a).
9   The Ninth Circuit has concluded that the "revised social security regulations are clearly
10  irreconcilable with [its] caselaw according special deference to the opinions of treating and
11  examining physicians on account of their relationship with the claimant." *Woods v. Kijakazi*, 32
12  F.4th 785, 792 (9th Cir. 2022). Therefore, for applications filed after March 27, 2017, "an ALJ's
13  decision, including the decision to discredit any medical opinion, must simply be supported by
14  substantial evidence." *Id.* at 787.

15  Dr. Brent Packer reviewed Plaintiff's medical records and completed an evaluation of her
16  impairments on July 29, 2021. AR 1215–16, 1268–70. He found Plaintiff limited to sedentary
17  work and opined that she would be unable to sustain full-time work due to her need for breaks
18  and frequently missing workdays for medical care. AR 1215, 1269. He also found no definite
19  contribution by Plaintiff's marijuana use to her gastroparesis and other limiting physical
20  conditions. AR 1216.

21  The ALJ found Dr. Packer's opinion not persuasive because it was "inconsistent with the
22  longitudinal record showing the claimant has greater capabilities, as well as her activity as a
23  caregiver for parents" and "was only supported by a review of some of the objective records in
24

ORDER ON PLAINTIFF'S COMPLAINT - 5

evidence, and not the entirety." AR 28. Although the Court rejects the specific assertion regarding Plaintiff's activities as a caregiver,[1] the Court agrees that the record contradicts Dr. Packer's opinion.

Plaintiff and her providers consistently noted that marijuana makes her nausea more severe. AR 55, 1396, 1518, 1572, 1618. This fact directly contradicts Dr. Packer's finding that Plaintiff's use of marijuana does not necessarily affect her physical limitations. AR 1216. *See Yesenia K. v. Comm'r of Soc. Sec.*, No. 1:21-CV-3039-TOR, 2022 WL 1843975, at *9 (E.D. Wash. Feb. 8, 2022), *aff'd sub nom. Kelley v. Kijakazi*, No. 22-35270, 2023 WL 2236869 (9th Cir. Feb. 27, 2023) ("The ALJ found that Dr. Morgan's opinion that Plaintiff's impairments were not primarily the result of a substance use disorder conflicted with the treatment notes that demonstrate her symptoms improved dramatically with abstinence from substance abuse. This is a specific and legitimate reason for assigning the opinion little weight.").

Additionally, Plaintiff failed to comply with treatment recommendations that she stop using marijuana. *See* AR 1518 (Plaintiff "not willing to start discussion on quitting marijuana"). Plaintiff's poor treatment compliance indicates that her symptoms may not be as severe as opined by Dr. Packer. *See Nicole W. v. Comm'r of Soc. Sec.*, No. C23-5272-MLP, 2023 WL 5530317, at *3 (W.D. Wash. Aug. 28, 2023) (noncompliance with treatment is a legitimate reason to discount a doctor's opinion). The ALJ's decision to discount Dr. Packer's opinion is supported by substantial evidence.

Although the ALJ provided additional reasons for discounting Dr. Packer's opinion, the Court need not assess whether these reasons were proper, as any error would be harmless. *See*

---

[1] Plaintiff assisted her two sisters in caring for her parents before and after the onset of her alleged disabilities. AR 57–58, 471, 839, 1591. Plaintiff's father died in June 2019, and her mother died in May 2020. AR 604, 1591. Since Plaintiff's limited caregiving activities ceased by May 2020, these activities were not a valid reason to reject Dr. Packer's July 2021 opinion.

ORDER ON PLAINTIFF'S COMPLAINT - 6

*Presley-Carrillo v. Berryhill*, 692 Fed. Appx. 941, 944–45 (9th Cir. 2017) (citing *Carmickle v. Commissioner, Social Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (although an ALJ erred on one reason he gave to discount a medical opinion, "this error was harmless because the ALJ gave a reason supported by the record" to discount the opinion).

C.  **Duty to Develop the Record**

Plaintiff argues that the ALJ was required to obtain a recent consultative examination of Plaintiff because of changes to her physical impairments after she underwent a multi-level cervical spine fusion in June 2022 and began to suffer post-operative complications of neural palsy with weakness. Dkt. 13 at 10–11. According to Plaintiff, the ALJ's failure to order an examination was error, and the ALJ further erred by "impermissibly interpret[ing] raw medical data to determine the limitations caused by Plaintiff's spinal impairment." Dkt. 13 at 13–14.

While Plaintiff bears the overall burden of proving disability, the ALJ bears an independent duty to fairly develop the record. *Donna S. v. Kijakazi*, No. 21-03560-KAW, 2022 WL 17970216, at *3 (N.D. Cal. Sept. 7, 2022) (citing *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996)). The existence of ambiguous evidence triggers the ALJ's duty to "conduct an appropriate inquiry" which may include ordering further consultative examinations to "resolve an inconsistency in the evidence or when the evidence as a whole is insufficient to support a determination or decision[.]" *Id.* at *4 (quoting 20 C.F.R. § 404.1519a).

Here, however, Plaintiff did not raise the issue by ever requesting a consultative exam from the agency. At the hearing, Plaintiff's counsel told the ALJ there were no records

outstanding and that "the record is complete." AR 46. Nor did Plaintiff raise this issue in her arguments to the Appeals Council on June 5, 2023. AR 434–36.[2]

A claimant who is represented by counsel waives any issues or evidence not presented at their administrative hearing. *Guerrero v. Berryhill*, No. 316CV01229WQHNLS, 2017 WL 4174257, at *3 (S.D. Cal. Sept. 21, 2017), *report and recommendation adopted*, No. 16-CV-1229-WQH-NLS, 2018 WL 823012 (S.D. Cal. Feb. 12, 2018) (citing *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999), *as amended* (June 22, 1999)). *See Theresa G. v. O'Malley*, No. 2:23-CV-00091-WFN, 2024 WL 534935, at *3 (E.D. Wash. Feb. 9, 2024) (Plaintiff "waived the argument that the ALJ erred by failing to obtain medical testimony [. . .] because Plaintiff did not object before the ALJ."). Plaintiff has waived this issue.

Plaintiff also argues that the ALJ erred by evaluating Plaintiff's spinal impairment without such an examination and opinion. Dkt. 13 at 14 ("Barring a few exceptions, an ALJ must have a doctor's opinion of a claimant's functional capacity in order for there to be substantial evidence supporting the decisions") (quoting *Howell v. Kijakazi*, 20-CV-2517-BLM, 2022 WL 2759090, at *7 (S.D. Cal. July 14, 2022)). Plaintiff cites several cases holding that an ALJ errs by interpreting raw medical evidence in functional terms. Dkt. 13 at 14–15; *see Stevenson v. Colvin*, No. 2:15-CV-0463-CKD, 2015 WL 6502198, at *4 (E.D. Cal. Oct. 27, 2015) (ALJ improperly interpreted treatment records, which only included impressions and diagnoses without any opinion on claimant's functional limitations); *Escudero v. Comm'r of Soc. Sec.*, No. 1:18-CV-01136-EPG, 2019 WL 4917634, at *2 (E.D. Cal. Oct. 4, 2019) ("descriptions of

---

[2] The letter does request a medical source statement or consultative exam for Plaintiff's *mental* limitations (namely anxiety), an issue Plaintiff did not raise in her appeal to this Court. AR 436.

ORDER ON PLAINTIFF'S COMPLAINT - 8

medical documents post-dating the physicians' opinions appear to be very medical in nature and not susceptible to a lay understanding").

The Court agrees with the Commissioner that the ALJ's evaluation here lies well within his power to form conclusions about the available medical evidence. Dkt. 15 at 12–13 (citing *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) (the ALJ is responsible for translating and incorporating clinical findings into the RFC); 42 U.S.C. § 423(d)(5)(A) (requiring the ALJ to consider the "[o]bjective medical evidence")). The ALJ evaluated Plaintiff's hearing testimony about her spinal impairment and medical records post-dating her surgery, including her self-reported symptoms and her doctors' observations. AR 27 (citing AR 2243–44, 3081, 3092, 3278).

Critically, these records are not raw data, and the ALJ's interpretation of them did not run the risk of "play[ing] doctor." *Banks v. Barnhart*, 434 F. Supp. 2d 800, 805 (C.D. Cal. 2006). The ALJ's evaluation here assessed plain-language observations by Plaintiff's doctors, often directly tied to Plaintiff's functional capabilities. *See* AR 27 ("She was able to easily raise her arms to the horizontal meridian. With effort, she [was] able to extend them beyond that. Her examiner was able to fully abduct her arms bilaterally and she was able to hold them up with antigravity strength") (citing AR 3081); ("the claimant indicated she was using 28 units of Lantus in the AM and in the evening, and this was working good") (citing AR 3092).

This differs starkly from precedent cited by Plaintiff, where interpreted evidence did not describe the functional impact of impairments or "provide the ALJ with a sufficient medical foundation to properly consider plaintiff's physical RFC." *Stevenson*, 2015 WL 6502198, at *4; *see Escudero v. Comm'r of Soc. Sec.*, 2019 WL 4917634, at *1 (finding a claimant's pain reports

an regarding motor strength, muscle fractures, and malignment "self-evident" in contrast to detailed x-ray summaries that were "very medical in nature"). The ALJ did not err.

IV. CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to enter judgment for Defendant and close the case.

Dated this 6th day of September, 2024.

Grady J. Leupold
United States Magistrate Judge